IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| KIMBERLY FASKING, ) | |
| HERBERT HICKS, and HEATHER ) | |
| BOOTH ) | |
|  ) | |
|  ) | |
| Plaintiffs, ) | |
|  ) | Case No. 2:18-cv-00809-SMD |
| vs. ) | |
|  ) | |
| JOHN H. MERRILL, Alabama ) | |
| Secretary of State, in his official capacity, ) | |
|  ) | |
| Defendant. ) | |

**PLAINTIFFS' SURREPLY TO DEFENDANT'S
REPLY MEMORANDUM IN FURTHER SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

COME NOW THE PLAINTIFFS in the above-styled action and offer the following response to the Defendant's Reply Memorandum in Further Support of Defendant's Motion for Summary Judgment (Doc. 23):

### INTRODUCTION

On November 26, 2018, the Defendant, John Merrill, filed a Motion for Summary Judgment and Memorandum of Law in Support Thereof. (Doc. 12). That Motion included no evidentiary submission of any kind.

On January 11, 2019, the Plaintiffs filed a Response to Defendant's Motion for Summary Judgment. (Doc. 16).

1

On February 1, 2019, Defendant filed a Reply Memorandum in Further Support of Defendant's Motion for Summary Judgment. (Doc. 23). Defendant attached a new evidentiary submission to that pleading in the form of an affidavit executed by John H. Merrill. (Doc. 23-1).

Neither the legal arguments made by the Defendant nor the affidavit submitted with his pleading add any compelling basis for granting his Motion for Summary Judgment.

## I. DEFENDANT'S REPLY FAILS TO MEANINGFULLY ADDRESS THE PLAINTIFFS' LEGAL ARGUMENTS

Merrill's Reply Brief is again copied and pasted, almost verbatim, from the government's Opening Brief and Reply Brief in *Knight First Amendment Inst. at Columbia Univ. v. Trump*, 302 F. Supp. 3d 541, 572 (S.D.N.Y. 2018), just as his initial Motion was copied and pasted from the government's brief in that case. *See* Exhibit A (Opening Brief from *Knight*); Exhibit B (Reply Brief from *Knight*). All of those arguments were rejected by the district court in *Knight* and have likewise been rejected by the courts in *Davison v. Randall*, 912 F.3d 666 (4th Cir. 2019), *Leuthy v. LePage*, No. 1:17-CV-00296-JAW, 2018 WL 4134628 (D. Me. Aug. 29, 2018), *Price v. City of New York*, 15 Civ. 5871 (KPF), 2018 WL 3117507 (S.D.N.Y. June 25, 2018), and *One Wisconsin Now v. Kremer*, --- F.Supp.3d ----, 2019 WL 266292 (W.D. Wis. Jan. 18, 2019) as discussed in Plaintiffs' earlier submissions.

Merrill's Reply includes no discussion at all of *Davison*, *Leuthy,* or *Kremer*. The only discussion Merrill provides with regard to *Knight* is found in the Conclusion rather than the body of the memorandum, as follows:

> The *Knight* Court rejected the government's contention based on the facts before that Court[1] - facts which contravene to the facts herewith stated. Nonetheless, the *Knight* decision is not the law of the land and this Court has no mandate to follow that decision.

(Merrill's Reply, Doc. 23 at 9) (footnote inserted).

However, at no point does Merrill explain how this case is factually distinguishable from *Knight*, which involved the personal Twitter account of Donald Trump created several years before he was elected President.  Nor does Merrill provide this Court with any meaningful legal arguments as to how or why the district court's legal conclusions in *Knight* are erroneous.  The *Knight* decision has been followed by the Fourth Circuit Court of Appeals in *Davison, supra*., as well as the district court in *Kremer, supra*.  These opinions quoted extensively from *Knight,* finding both the reasoning and the conclusions of the district court in *Knight* to be persuasive.

The trend in the law in this area is clearly that the social media accounts of public officials are designated public forums, and that public officials are not

---

[1] This argument tends to suggest that this is a fact sensitive inquiry.  This contravenes Merrill's argument that this case can be resolved on a Motion for Summary Judgment where there has been no discovery and no stipulation of undisputed facts.

permitted to block users based on disagreement with the content of their tweets. Merrill has failed to cite one case that has held otherwise, he has not distinguished the cases briefed for this Court by the Plaintiffs, and he has failed to provide any legal discussion to persuade this Court as to why those cases were wrongly decided.  For these reasons, Merrill's Motion is due to be denied.

## II. DEFENDANT'S EVIDENTIARY SUBMISSION DOES NOT ENTITLE HIM TO SUMMARY JUDGEMENT

The Defendant submitted a two-paragraph affidavit with his Reply which provides, in its entirety, as follows:

> My name is John H. Merrill. I am currently employed as the Alabama Secretary of State. I have read the Complaint filed against me and state the following:
>
> I created the Twitter page in question *before* I took office and I personally control its content. I created the Twitter account at issue personally. I control its content, and I have made a significant effort to keep it from entanglement with the State government. I use my own personal electronic devices to manage the account. My Twitter account is not a "Secretary of State social media site" or "official social media platform."

Doc. 23-1 (emphasis in original).

This affidavit adds nothing of value to Merrill's contention that he is entitled to summary judgment.  First, as was pointed out in Plaintiffs' earlier submission, the Court in *Knight* found that the fact that President Trump had created the Twitter account before he took office was not persuasive:

4

> Indeed, the entire concept of a designated public forum rests on the premise that the nature of a (previously closed) space has been changed.
>
> …
>
> Here, the President and Scavino's *present use* of the @realDonaldTrump account weighs far more heavily in the analysis than the origin of the account as the creation of private citizen Donald Trump.

*Knight* at 569 (emphasis added).

Second, Merrill's averment that he has "made a significant effort to keep it from entanglement with the State government" is belied by even a cursory look through his tweets. As alleged in the Complaint and discussed in Plaintiffs' earlier response, Merrill has swathed the @JohnHMerrill account in the trappings of his office and regularly uses it in conjunction with carrying out his official duties. *Compl.*, ¶¶32, 34, 37. The @JohnHMerrill account is presented as being registered to John Merrill, "Representing the People of Alabama as their 53rd Secretary of State." *Compl.*, ¶32. The Complaint provides screenshots of a number of tweets where Merrill has used the account in carrying out his duties, and in responding to questions and complaints which are posed to him in his capacity as Secretary of State, or otherwise interacting with other Twitter users in his capacity as Secretary of State. *Compl.*, ¶¶17, 18, 20, 24, 25, 35.

In a footnote to his Reply, Merrill avers,

> The Official Twitter account of the Office of the Secretary of State was formed in May, 2009, and can be accessed at @alasecofstate. As

5

> noted on its Twitter page, this account is managed solely by the staff members of the Office of the Secretary of State and is used as a public forum to conduct official business.

Merrill's Reply, Doc. 23 at 3, n. 1.

While Merrill may consider the @alasecofstate account to be the official Twitter account of the "Office" of the Secretary of State, even that account treats the @JohnHMerrill account as the official Twitter account for "Secretary of State John Merrill." The @alasecofstate account, which Merrill admits is not administered by him, refers to the "Secretary of State" in the third person and routinely tags the @JohnHMerrill when referencing Secretary of State John Merrill. The account presents itself as the "Official Twitter account of the Office of Alabama Secretary of State *@JohnHMerrill*" with the @JohnHMerrill Twitter account prominently tagged right in the account's description. (Emphasis added). A handful of examples of tweets of the @alasecofstate account regularly treating the @JohnHMerrill account as the official Twitter account for Secretary of State John Merrill are as follows:

Furthermore, users who only follow the @alasecofstate Twitter account have no opportunity to interact with the tweets of Secretary of State John Merrill since Merrill, by his own admission, does not post using the @alasecofstate account which "is managed *solely by the staff members* of the Office of Secretary of State." (Merrill's Reply, p. 3, n. 1) (emphasis added).

Moreover, while the @alasecofstate account tweets only sporadically and generates few responses, the @JohnHMerrill account is extremely active with considerable interaction with other users regarding the Secretary's official duties. Merrill admits, "When the Defendant uses the @JohnHMerrill account, his tweets generally receive hundreds of replies and 'likes' from other users." (Merrill's Reply, Doc. 23 at 3). When the media reports on newsworthy exchanges between the Secretary of State and other users on Twitter, it is always the @JohnHMerrill where these exchanges have occurred. *See e.g.* www.al.com/news/index.ssf/2018/07/john_merrill_calls_former_brig.html; https://wbhm.org/feature/2018/state-elections-chief-faces-criticism-over-partisanship; https://www.auditelectionsusa.org/2018/01/04/alabama-secretary-of-state-blocks-journalist-on-twitter-for-being-right.

The @JohnHMerrill Twitter account is used by John Merrill in carrying out his duties as Secretary of State. The @alasecofstate Twitter account itself recognizes the @JohnHMerrill Twitter account as the official account for Secretary of State John Merrill.  Indeed, the @JohnHMerrill Twitter is the *only* account Secretary of State John Merrill uses to tweet and interact with other Twitter users. For these reasons, the fact that the Office of the Secretary of State manages a separate Twitter account has little relevance to the First Amendment issues at the heart of this lawsuit.

## CONCLUSION

For all these reasons, and the reasons discussed in Plaintiffs' earlier submissions, the Defendant's Motion for Summary Judgment is due to be denied.

**RESPECTUFFLY SUBMITTED** this 20th day of March, 2019.

/s/ Brock Boone
Brock Boone

Brock Boone
Randall C. Marshall
ACLU of Alabama
P.O. Box 6179
Montgomery, AL 36106
bboone@aclualabama.org
rmarshall@aclualabama.org

Steven P. Gregory
Gregory Law Firm, P.C.
2700 Corporate Drive
Suite 200
Birmingham, AL 35242
steve@gregorylawfirm.us

M. Virginia Buck
Attorney at Law
PO Box 2501
Tuscaloosa, AL 35403
bucklaw@charter.net

## **CERTIFICATE OF SERVICE**

I certify that I have on March 20, 2019, electronically filed the foregoing pleading with the Clerk of the Court, using the CM/ECF filing system which will send notification of the same to the following:

Benjamin H. Albritton
Office of the Attorney General
General Civil Litigation and
Administrative Law Division
501 Washington Avenue
Montgomery, AL 36104
Office: (334) 353-4840
Fax: (334) 242-2433
balbritton@ago.state.al.us

Madeline H. Lewis
Office of the Attorney General
General Civil Litigation and
Administrative Law Division
501 Washington Avenue
Montgomery, AL 36104
Office: (334) 353-4840
Fax: (334) 242-2433
mlewis@ago.state.al.us

                                                  /s/ Brock Boone
                                                  Brock Boone