IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KIMBERLY FASKING, *et. al.*, | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
|     v. | ) | Civil Action No. 2:18-cv-809-SMD |
| | ) | |
| JOHN H. MERRILL, Alabama | ) | |
| Sec. of State, in his official capacity, | ) | |
| | ) | |
|     Defendant. | ) | |

**MEMORANDUM OPINION & ORDER**

**I.    INTRODUCTION**

Three individuals who allege that Alabama Secretary of State John Merrill blocked them from his @JohnHMerrill twitter account bring this First Amendment action for declaratory and injunctive relief. Rather than filing an answer, Secretary Merrill responded to plaintiffs' complaint with a threshold motion for summary judgment. (Doc. 12). The sparse summary-judgment record submitted by Secretary Merrill is insufficient to support his motion, and it is due to be denied on that procedural ground. Defendant may renew his motion when the record is more fully developed.

**II.    STANDARD OF REVIEW**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party moving

for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact." *Id.* at 323. The movant can meet this burden by identifying record material showing that the material facts are not in dispute, or by showing that the nonmoving party lacks evidence establishing an essential element of their case. *Id.* at 322-23.

Rule 56 provides that "[a] party asserting that a fact cannot be . . . genuinely disputed must support the assertion by[] citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]"  Fed. R. Civ. P. 56(c)(1)(A). When ruling on a motion for summary judgment "[t]he court need consider only the cited materials[.]" Fed. R. Civ. P. 56(c)(3).

### III. DISCUSSION

Secretary Merrill responded to plaintiffs' complaint by filing a summary judgment motion before the commencement of discovery or even Rule 26 initial disclosures. (Doc. 12). While this is procedurally proper and Rule 56 allows a party to file a motion for summary judgment "at any time until 30 days after the close of all discovery," filing a pre-discovery summary judgment motion does not relieve the moving party of supporting the motion with evidentiary material. Fed. R. Civ. P. 56(b). Secretary Merrill's initial motion, (Doc. 12), was filed without any supporting evidentiary material and contains no citations

to any factual record. When plaintiffs identified this deficiency, (Doc. 16) at 2, 4-5, 30-31, Secretary Merrill filed a brief, conclusory affidavit stating essentially that the Twitter account at issue is his personal account. (Doc. 23-1). This affidavit does not cure the complete lack of a summary judgment record supporting defendant's motion.

For example, defendant argues that "[t]he blocking of the Individual Plaintiffs, which resulted from their tweets – which the Defendant deemed to be disruptive or personal attacks – were viewpoint neutral[.]" (Doc. 12) at 18. Plaintiffs "disagree about the circumstances surrounding the blocking" and "strongly take issue with Merrill's assertion that they were being disruptive and making personal attacks as Defendant's motion suggests." (Doc. 16) at 30. Yet Secretary Merrill has provided the court with no factual material supporting his position although the tweets at issue are presumably readily available.

Plaintiffs point out that defendant's papers closely track those filed on behalf of the President in *Knight v. Trump*, No. 17-cv-5205-NRB (S.D.N.Y.). (Doc. 23) at 31, Exs. A&B. However, in that case the parties had agreed to a joint stipulation of facts, and the summary judgment papers contain extensive citations to this undisputed factual record. *Id.* There is no such record here, and the court declines to address the merits of Defendant's motion when there is no record support for even the most basic factual propositions asserted. *See*, Fed. R. Civ. P. 56(c)(3).

Plaintiffs state that they are willing to meet with Defendant in order to work out stipulated facts as was done in *Knight*, or to narrowly tailor discovery to address the issues before the court. (Doc. 16) at 31. This strikes the court as eminently reasonable, and the

3

parties may wish to proceed with cross-motions for summary judgment on a stipulated factual record as was done in *Knight*. By separate Order the Court will set a status conference where the parties are to report on whether they intend to proceed on stipulated facts or move into discovery and to provide a proposed case management schedule.

For the foregoing reasons, it is hereby

ORDERED that Defendant John H. Merrill's Motion for Summary Judgment (Doc. 12) is DENIED.

Done this 26th day of August, 2019.

/s/ Stephen M. Doyle
UNITED STATES MAGISTRATE JUDGE