# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| FASKING, KIMBERLY,<br>HICKS, HERBERT, and<br>BOOTHE, HEATHER,<br><br>    Plaintiffs,<br><br>vs.<br><br>JOHN H. MERRILL, ALABAMA<br>SECRETARY OF STATE, in his official<br>capacity,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION NO.:<br>)   2:18-CV-00809-SRW<br>)<br>)<br>)<br>)<br>) |

## ANSWER

COMES NOW the Defendant, Honorable John H. Merrill, Alabama Secretary of State, in his official capacity, by and through undersigned counsel, and for the Answer to the above-styled action, states as follows:

The paragraphs below correspond to the paragraphs of the Complaint.

## INTRODUCTION

1. Acknowledged that John Merrill is the Alabama Secretary of State. Denied as to the allegations as set forth in paragraph 1 and strict proof thereof is demanded.

2. Denied as to the allegations as set forth in paragraph 2 and strict proof thereof is demanded.

3. Acknowledged as to the rulings cited as set forth in paragraph 3.

4. Defendant denies this allegation as set forth in paragraph 4 and demands strict proof thereof.

1

5. Defendants denies this allegation as set forth in paragraph 5 and demands strict proof thereof.

6. Defendant denies this allegation as set forth in paragraph 6 and demands strict proof thereof.

7. Defendant denies this allegation as set forth in paragraph 7 and demands strict proof thereof.

8. Defendant denies this allegation as set forth in paragraph 8 and demands strict proof thereof.

## JURISDICTION

9. Acknowledged that Plaintiff has asserted that this Court has jurisdiction in this action.

10. Acknowledged that Plaintiff has asserted that venue is proper in this Court.

## PARTIES

11. Acknowledged that Kimberly Fasking is a plaintiff in this cause of action

12. Acknowledge that Herbert Hicks is a plaintiff in this cause of action.

13. Acknowledged that Lynn Boothe is a plaintiff in this cause of action.

14. Acknowledged that the plaintiff has named John H. Merrill as a defendant to this action.

## ALLEGATIONS

15. Defendants deny the allegations as set forth in paragraph 15 and demand strict proof thereof.

16. Defendants deny the allegations as set forth in paragraph 16 and demand strict proof thereof.

17. Defendants deny the allegations as set forth in paragraph 17 and demand strict proof thereof.

18. Defendants deny the allegations as set forth in paragraph 18 and demand strict proof thereof.

19. Defendants deny the allegations as set forth in paragraph 19 and demand strict proof thereof.

20. Denied as to the allegations as set forth in paragraph 20 and strict proof thereof is demanded.

21. Denied as to the allegations as set forth in paragraph 21 and strict proof thereof is demanded.

22. Denied as to the allegations as set forth in paragraph 22 and strict proof thereof is demanded.

23. Denied as to the allegations as set forth in paragraph 23 and strict proof thereof is demanded.

24. Denied as to the allegations as set forth in paragraph 24 and strict proof thereof is demanded.

25. Denied as to the allegations as set forth in paragraph 25 and strict proof thereof is demanded.

26. Denied as to the allegations as set forth in paragraph 26 and strict proof thereof is demanded.

27. Denied as to the allegations as set forth in paragraph 27 and strict proof thereof is demanded.

28. Denied as to the allegations as set forth in paragraph 28 and strict proof thereof is demanded.

29. Denied as to the allegations as set forth in paragraph 29 and strict proof thereof is demanded.

30. Denied as to the allegations as set forth in paragraph 30 and strict proof thereof is demanded.

31. Denied as to the allegations as set forth in paragraph 31 and strict proof thereof is demanded.

32. Denied as to the allegations as set forth in paragraph 32 and strict proof thereof is demanded.

33. Denied as to the allegations as set forth in paragraph 33 and strict proof thereof is demanded.

34. Denied as to the allegations as set forth in paragraph 34 and strict proof thereof is demanded.

35. Denied as to the allegations as set forth in paragraph 35 and strict proof thereof is demanded.

36. Denied as to the allegations as set forth in paragraph 36 and strict proof thereof is demanded.

37. Denied as to the allegations as set forth in paragraph 37 and strict proof thereof is demanded.

38. Denied as to the allegations as set forth in paragraph 38 and strict proof thereof is demanded.

39. Denied as to the allegations as set forth in paragraph 39 and strict proof thereof is demanded.

40. Denied as to the allegations as set forth in paragraph 40 and strict proof thereof is demanded.

41. Denied as to the allegations as set forth in paragraph 41 and strict proof thereof is demanded.

42. Denied as to the allegations as set forth in paragraph 42 and strict proof thereof is demanded.

43. Denied as to the allegations as set forth in paragraph 43 and strict proof thereof is demanded.

44. Denied as to the allegations as set forth in paragraph 44 and strict proof thereof is demanded.

45. Denied as to the allegations as set forth in paragraph 45 and strict proof thereof is demanded.

46. Admitted as to the rulings in the cited case. Denied as to the allegations, if any, as set forth in paragraph 46 and strict proof thereof is demanded.

47. Denied as to the allegations as set forth in paragraph 47 and strict proof thereof is demanded.

## CAUSE OF ACTION

48. Denied as to the repeated allegations as set forth in paragraph 48 and strict proof thereof is demanded.

49. Denied as to the allegation set forth in paragraph 49 and strict proof thereof is demanded.

50. Denied as to the allegations as set forth in paragraph 50 and strict proof thereof is demanded.

51. Denied.

52. Denied due to the fact that the allegation is so broadly defined that it is not susceptible to admission or denial, and no basis for the duty is described. The allegation is also a legal argument and not a factual statement. Defendants object to Plaintiff's attempt to make fictitious party allegations and therefore deny all allegations related to such fictitious parties.

53. Denied as to the allegations as set forth in paragraph 53 and strict proof thereof is demanded.

54. Denied as to the allegations as set forth in paragraph 54 and strict proof thereof is demanded.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. The Court lacks jurisdiction over the persons involved in this action.

3. The Court lacks jurisdiction over the subject matter of this action.

4. The Complaint fails to plead the substance of a bona fide justiciable controversy; moreover, no controversy of a justiciable character exists between the parties.

5. Defendant asserts judicial immunity.

6. Defendant asserts qualified immunity.

7. Defendant asserts sovereign immunity.

8. Defendant asserts state-agent immunity.

9. Defendant asserts functional discretionary immunity.

10. Defendant asserts estoppel.

11. Defendant asserts laches.

12. Defendant asserts release.

13. Defendant asserts waiver.

14. Defendant generally denies that the Plaintiff is entitled to receive any portion of the relief requested in the Complaint filed in the above-styled action.

15. Plaintiff is generally not entitled to a declaratory judgment or any other relief requested.

16. To the extent that any of the foregoing allegations in the Plaintiff's Complaint have not been admitted or denied, they are hereby denied.

17. The Defendant reserves the right to assert additional defenses as this action progresses. The Defendant further reserves the right to amend his Answer.

    Respectfully submitted,

    STEVE MARSHALL
    ATTORNEY GENERAL
    By:

    /s/ Madeline H. Lewis
    Madeline H. Lewis
    Assistant Attorney General
    Counsels for Defendant
    Honorable John H. Merrill

    /s/ Benjamin H. Albritton
    Benjamin H. Albritton
    Assistant Attorney General
    Counsels for Defendant
    Honorable John H. Merrill

OF COUNSEL:

General Civil Litigation and Administrative Law Division
Office of the Attorney General
State of Alabama
501 Washington Avenue
Montgomery, AL 36104
Office: (334) 353-4840
mlewis@ago.state.al.us
balbritton@ago.state.al.us

## CERTIFICATE OF SERVICE

I certify that I have on September 24, 2019, electronically filed the foregoing pleading with the Clerk of the Court, using the CM/ECF filing system which will send notification of the same to the following:

>Brock Boone
>Randall C. Marshall
>ACLU of Alabama
>P.O. Box 6179
>Montgomery, AL  36106
>bboone@aclualabama.org
>rmarshall@aclualabama.org
>
>Steven P. Gregory
>Gregory Law Firm, P.C.
>2700 Corporate Drive
>Suite 200
>Birmingham, AL  35242
>steve@gregorylawfirm.us
>
>M. Virginia Buck
>Attorney at Law
>PO Box 2501
>Tuscaloosa, AL  35403
>bucklaw@charter.net

/s/ Madeline H. Lewis
Madeline H. Lewis
Assistant Attorney General