# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA NORTHERN DIVISION

KIMBERLY FASKING, HERBERT   )
HICKS, and HEATHER BOOTHE,   )
   )
      *Plaintiffs*,   )
   )
v.   )   Case No. 2:18-cv-00809-JTA
   )
WES ALLEN, in his official   )
capacity as Secretary of State,   )
   )
      *Defendant*.   )

## SECRETARY ALLEN'S BRIEF ON MOOTNESS

"John H. Merrill is no longer Alabama's Secretary of State." Doc. 62 at 1. Nor does he remain the defendant in this action. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Wes Allen was automatically substituted when he took office on January 16, 2023. Mr. Merrill's departure has deprived this Court of the ability to give Plaintiffs meaningful relief because neither Secretary Allen nor anyone else in State government controls Mr. Merrill's private Twitter account. In other words, Secretary Allen could not unblock Plaintiffs even if ordered to do so. Thus, this case is moot. And out of an abundance of caution, Defendant asks that this Court vacate its Memorandum and Opinion Order (doc. 54).

"Federal courts are courts of limited jurisdiction." *Gardner v. Mutz*, 962 F.3d 1329, 1336 (11th Cir. 2020) (quotation marks omitted) (quoting *Kokkonen v.*

*Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "The most notable—and most fundamental—limits on the federal 'judicial Power' are specified in Article III of the Constitution, which grants federal courts jurisdiction only over enumerated categories of 'Cases and Controversies.'" *Id.* (quoting U.S. CONST art. III, § 2). Mootness is one strand of this case-or-controversy requirement. *Id.* (quoting *Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1189 (11th Cir. 2011)). "The doctrine of mootness . . . provides that the requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Frulla v. CRA Holdings, Inc.*, 543 F.3d 1247, 1250 (11th Cir. 2008) (internal quotation marks omitted) (quoting *Tanner Adver. Group, L.L.C. v. Fayette County*, 451 F.3d 777, 785 (11th Cir. 2006) (en banc)).

"If an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477–78 (1990)). And "a case must be dismissed as moot if events that occur subsequent to the filing of a lawsuit . . . deprive the court of the ability to give the plaintiff . . . meaningful relief." *Keohane v. Fla. Dep't of Corr. Sec'y*, 952 F.3d 1257, 1267 (11th Cir. 2020) (cleaned up) (quoting *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001)).

The intervening circumstance of Mr. Merrill's leaving office has rendered this case moot. The @JohnHMerrill Twitter account belongs to Mr. Merrill personally, doc. 60 at 4–5, and he has retained control over the account after leaving office, *see* @JohnHMerrill, TWITTER, https://twitter.com/JohnHMerrill (last visited Jan. 24, 2023) (reflecting Mr. Merrill's new role in the private sector). Because Plaintiffs sued then-Secretary Merrill only in his official capacity—which "is only nominally against the official and in fact is against the official's office," *Lewis v. Clarke*, 581 U.S. 155, 162 (2017); *see also* FED. R. CIV. P. 25(d)—the injunctive relief Plaintiffs seek would run against Secretary Allen. And Secretary Allen cannot unblock Plaintiffs on Mr. Merrill's private account. Additionally, now that Mr. Merrill is no longer Secretary of State, the character of his Twitter account has materially changed. The potential rationales for classifying the account's interactive spaces as a public forum no longer exist. Lastly, the Supreme Court's uncontested remand to dismiss as moot in *Biden v. Knight First Amendment Institute at Columbia University*, 141 S. Ct. 1220 (2021), which has a materially similar procedural posture to this case, confirms that this case is moot.[1]

---

[1]     Nor does this case fall under the exception to the mootness doctrine for cases that are "capable of repetition, yet evading review[,]" *S. Pac. Terminal Co. v. Interstate Commerce Comm'n*, 219 U.S. 498, 515 (1911). This narrow exception applies only in exceptional situations. *Al Najjar*, 273 F.3d at 1336 (quoting *Dow Jones & Co. v. Kaye*, 256 F.3d 1251, 1256 (11th Cir. 2001)). The exception "is limited to the situation where two elements combine: (1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same

Out of an abundance of caution, Defendant asks this Court to vacate its Memorandum and Opinion Order (doc. 54) as the Supreme Court did in *Knight* with the Second Circuit's order. 141 S. Ct. at 1220 (citing *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950)). Because mootness forecloses litigants from seeking further review of the merits, vacatur is warranted to "clear[] the path for future relitigation of issues between the parties" and to prevent unreviewable rulings "from spawning any legal consequences." *Munsingwear*, 340 U.S. at 40. Because this case is now moot, Defendant—through no fault of his own—has been deprived of the opportunity to seek further review of the issues decided in this Court's Memorandum. Defendant thus asks the Court to clear the path should these issues arise again.

---

action again." *Hall v. Sec'y, Ala.*, 902 F.3d 1294, 1297 (11th Cir. 2018) (cleaned up) (citations omitted). "The remote possibility that an event might recur is not enough to overcome mootness, and even a likely recurrence is insufficient if there would be ample opportunity for review at that time." *Al Najjar*, 273 F.3d at 1336. There is no reason to believe that Secretary Allen will subject Plaintiffs to the same action again, and even if he did, there is no reason to believe that such action would evade review before Secretary Allen would leave office (at the earliest) in January 2027. Thus, the capable of repetition, yet evading review exception does not apply.

Respectfully submitted,

s/ Benjamin M. Seiss
James W. Davis (ASB-4063-I58J)
 *Deputy Attorney General*
Benjamin M. Seiss (ASB-2110-O00W)
 *Assistant Attorney General*

STATE OF ALABAMA
OFFICE OF THE ATTORNEY GENERAL
501 Washington Avenue
Montgomery, Alabama 36130-0152
Telephone: 334.242.7300
Facsimile: 334.353.8400
Jim.Davis@AlabamaAG.gov
Ben.Seiss@AlabamaAG.gov

**Counsel for Secretary Allen**

**CERTIFICATE OF SERVICE**

I hereby certify that on February 1, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/Benjamin M. Seiss
***Counsel for Secretary Allen***